UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JERRY D. ISLER,

    Plaintiff,

vs.                                                              Civ. No. 10-00009 MV/WPL

THE NEW MEXICO ACTIVITIES ASSOCIATION,
and THE CLOVIS MUNICIPAL SCHOOL DISTRICT,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Clovis Municipal School District's Motion to Dissolve Temporary Restraining Order; for Expedited Briefing and Hearing on this Motion and for Certification for Interlocutory Appeal, filed in State Court on December 30, 2009 **[Doc. No. 3, Ex. 2]** (the "Motion to Dissolve" or "Motion to Dissolve the Temporary Restraining Order") and Plaintiff's Motion to Hold the Clovis Municipal School District's Motion to Dissolve Temporary Restraining Order in Abeyance Pending Discovery, filed in this Court on January 13, 2010 **[Doc. No. 7]** (the "Motion for Abeyance").  For the reasons set forth below, this Court finds that the oral temporary restraining order issued by the State Court is no longer in effect and that Plaintiff's Motion for Abeyance should be denied.

**BACKGROUND**

On December 16, 2009, Plaintiff Jerry Isler received notification that the Clovis Municipal School District ("the School District") would be terminating his coaching duties as Head Basketball Coach of Clovis High School Boys' Basketball Program effective January 13, 2010 and that during the interim period, he was suspended from all coaching duties **[Doc. No. 3**

**at 11]**.  Two days later, on December 18, 2009, Plaintiff filed a Petition for Declaratory and Injunctive Relief in the Ninth Judicial District Court in Curry County, New Mexico, seeking a preliminary injunction against Defendants prohibiting them from suspending him as Head Coach **[Doc. No. 3]**.  That same day, after holding "a very abbreviated hearing" **[Doc. No. 3, Ex. 5]**, at which no testimony was presented, the State Court issued an oral temporary restraining order against Defendants, the New Mexico Activities Association ("NMAA") and the School District, prohibiting them from taking any steps towards suspending or terminating the Plaintiff's status as the Clovis High School Head Basketball Coach, pending further order of the Court.  At the hearing, the State Court judge did not set a termination date for the temporary restraining order.  He indicated, however, that the next time he saw the parties, he wanted them to be ready for a trial on the merits.

On December 31, 2009, the School District filed its Motion to Dissolve, seeking to dissolve the temporary restraining order.  In the alternative, the School District requested that the Court limit the temporary restraining order to 10 days so that it would expire on January 5, 2010, absent further action of the Court.  Additionally, the School District requested that if its motion was denied that the Court certify in writing its denial of the motion for interlocutory appeal **[Doc. No. 3, Exs. 2 & 3]**.

On January 5, 2010, the State Court judge issued a Scheduling Order, which required that Plaintiff respond to the School District's Motion to Dissolve the Temporary Restraining Order on or before January 13, 2010 and set a hearing date of January 19, 2010.  The State Court further noted in its Scheduling Order that it had reviewed the School District's Motion to Dissolve and that it "did not intend an indefinite Temporary Restraining Order and indicated the

temporary nature of the TRO on December 18" **[Doc. No. 3, Ex. 5]**.  The Court explained, however, that the "practical problem" was the time needed for briefing and the Court's calendar.  The Court, therefore, ordered that "[p]ending the hearing on January 19, 2010, the Temporary Restraining Order will continue as announced by the Court on December 18, 2009" **[Doc. No. 3, Ex. 5]**.

Later that same day, January 5, 2010, Defendant NMAA removed the action to the United States District Court for the District of New Mexico and the case was assigned to a Magistrate Judge.

On January 13, 2010, Plaintiff filed his Motion for Abeyance **[Doc. No. 7]**, seeking to hold the Clovis Municipal School District's Motion to Dissolve in abeyance pending discovery, and on January 15, 2010, the School District filed its opposition to Plaintiff's Motion for Abeyance **[Doc. No. 8]**, as well as a Motion for Expedited Hearing **[Doc. No. 9]**, seeking an expedited hearing on the pending Motion to Dissolve and Motion for Abeyance.

On January 19, 2010, the case was reassigned to me, as Plaintiff had not indicated whether he would consent to have the case heard by a Magistrate Judge.  At that point, no substantive response had been filed in opposition to the School District's Motion to Dissolve the Temporary Restraining Order.  Having reviewed the docket and three pending motions, this Court found that Plaintiff's Motion for Expedited Hearing **[Doc. No. 9]** was well-founded and accordingly, after conferring with all parties, this Court ordered that Plaintiff respond to the School District's Motion to Dissolve by January 26, 2010 and set a hearing date of January 27, 2010 **[Doc. No. 13]**.

On January 27, 2010, this Court held a hearing on the pending Motion to Dissolve the Temporary Restraining Order and the pending Motion for Abeyance. While this Court heard certain evidence at that January 27, 2010, hearing, this Court's decision is not based on the merits of Plaintiff's claims or the evidence the parties have presented thus far. Instead, based solely on the procedural posture of this case and as discussed below, this Court finds that the temporary restraining order set in place by the State Court has expired and that the Court is without authority to extend the lapsed temporary restraining order given the present procedural posture of this case.

## ANALYSIS

Pursuant to 28 U.S.C. § 1450, "[w]henever any action is removed from a State court to a district court of the United States, . . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." The United States Supreme Court has explained that while Congress, through § 1450, "clearly intended to preserve the effectiveness of state court orders after removal, there is no basis for believing that § 1450 was designed to give injunctions or other orders *greater* effect after removal to federal court than they would have had if the case had remained in state court. After removal, the federal court takes the case up where the State court left it off." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974) (internal quotations omitted). Moreover, "once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Id.* at 437. Applying these principles in the context of a state court-issued temporary restraining order

4

(which the Supreme Court treated as *ex parte* due to the limited nature of the notice provided), the Supreme Court held that the *ex parte* temporary restraining order issued by the state court prior to removal could remain "in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Id.* at 432 n.7, 439-40 & n.15.

In this case, the State Court-issued temporary restraining order was never reduced to writing. However, this Court finds that it was not an indefinite restraining order or one that would expire only upon a trial on the merits, but rather had a termination date of January 19, 2010. In the State Court's January 5, 2010 Scheduling Order, the Court explicitly noted, in response to the School District's concerns regarding the duration of the temporary restraining order, that it "did not intend an indefinite Temporary Restraining Order and indicated the temporary nature of the TRO on December 18" **[Doc. No. 3, Ex. 5]**. Thereafter, the Court explicitly announced that "[p]ending the hearing on January 19, 2010, the Temporary Restraining Order will continue as announced by the Court on December 18, 2009." While the January 19, 2010 hearing never took place, due to the NMAA's removal of the case to federal court, this Court finds that at the time of removal, January 19, 2010 was the date set for termination of the temporary restraining order. As Plaintiff did not move this Court to extend the temporary restraining order prior to January 19, 2010, this Court issued no order extending the temporary restraining order. Therefore, the Court finds that the State Court-issued temporary restraining order expired on January 19, 2010 and is no longer in effect.

At the January 27, 2010 hearing, Plaintiff's counsel argued that he understood the State Court's temporary restraining order continued until such time as a preliminary injunction or full hearing on the merits of the case could be scheduled and thus an extension of the temporary restraining order was not needed. Even assuming that the State Court did not intend the temporary restraining order to expire on January 19, 2010, this Court finds that the injunction should be dissolved as explained further below.

It is well established that once a case has been removed to federal court, federal law governs the future course of the proceedings. *Granny Goose Foods, Inc.*, 415 U.S. at 437. Federal Rule of Civil Procedure 65(b)(2) imposes strict time-limitations on *ex parte* temporary restraining orders. It provides:

> Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

Fed. R. Civ. P. 65(b)(2).[1] Thus, the maximum period an *ex parte* temporary restraining order may be in place pursuant to Rule 65(b)(2), without consent of the opposing party, is 28 days, and that is assuming a court extends the order for good cause.

Plaintiff argues that Rule 65(b)(2) is inapplicable as there was notice to the opposing party and an abbreviated hearing before the State Court issued the temporary restraining order. However, the clear weight of authority is that regardless of whether or not notice is provided to

---

[1] Federal Rule of Civil Procedure 65(b)(2) was amended, effective December 1, 2009, to change the time period set forth in the Rule from 10 days to 14 days.

the opposing party, a temporary restraining order should not exceed the maximum time allowed by Federal Rule of Civil Procedure 65 absent consent of the opposing party. The reason for this is simple—temporary restraining orders are supposed to be temporary and therefore, unlike a preliminary injunction, are generally not subject to appeal. To allow indefinite temporary restraining orders upon notice to an opposing party would "enable a district court to issue a preliminary injunction of indefinite duration without any possibility of the defendant's appealing, simply by calling the injunction a temporary restraining order and being careful to notify the defendant in advance of issuing it." *Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940, 946 (7th Cir. 2006); *see also Sampson v. Murray*, 415 U.S. 61, 86-87 (1974) ("A district court, if it were able to shield its orders from appellate review merely by designating them as temporary restraining orders, rather than as preliminary injunctions, would have virtually unlimited authority over the parties in an injunctive proceeding."). Accordingly, Courts routinely treat "temporary restraining orders" that extend beyond the maximum duration permitted by Rule 65(b) (previously 20 days, now 28 days) as being, in essence, preliminary injunctions subject to appeal even where notice was present. *See, e.g., Sampson*, 415 U.S. at 86-88 & n.58 (Court of Appeals properly held TRO continued after adversary proceeding beyond the time permissible under Rule 65 must be treated as a preliminary injunctions, and must conform to the standards applicable to preliminary injunctions); *Chicago United Indus.*, 445 F.3d at 946 ("The proper interpretation of the 'without notice' language in Rule 65(b) is that the rule imposes *additional* restrictions on temporary restraining orders issued without notice, but imposes the 20-day [now 28-day] limit on *all* TROs."); *Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 692-94 (3d Cir. 1997) ("The most prevalent view is that a temporary restraining

order, even if issued with notice, cannot be continued beyond the periods prescribed in Fed. R. Civ. P. 65(b) without being treated as the equivalent of a preliminary injunction and thus subject to appellate review."); *Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n*, 306 F.2d 840, 842-44 (2d Cir. 1962) (rejecting contention that the time limitations of Rule 65(b) apply only to *ex parte* TROs and finding that a TRO continued beyond the period of statutory authorization has the same practical effect as the issuance of a preliminary injunction and is thus appealable).

Counting from the date of removal, January 5, 2010, the 28-day period set forth in Rule 65 would expire today, February 2, 2010. Accordingly, this Court finds that any extension of the temporary restraining order beyond today would be improper, particularly in light of the abbreviated nature of the State Court hearing and the absence of the requisite findings necessary to support continued injunctive relief. Thus, assuming *arguendo* the temporary restraining order had not expired on January 19, 2010, this Court still finds that dissolution of the temporary restraining order would be required given the procedural posture of this action.

Finally, this Court addresses Plaintiff's two-page Motion for Abeyance, seeking to hold the School District's Motion to Dissolve in abeyance pending discovery, the only document Plaintiff filed with this Court prior to January 19, 2010. In Plaintiff's Motion for Abeyance, Plaintiff argues simply that the State Court judge indicated that he would allow discovery pending the hearing on the merits, that it was Plaintiff's intention to conduct discovery prior to responding to the School District's Motion to Dissolve, and that Plaintiff was unable to conduct discovery due to the removal and thus cannot adequately respond to the School District's motion. However, Plaintiff offers no explanation of what discovery he desires or why such

discovery is necessary to respond to the School District's motion—much less any argument that would support an extended temporary restraining order while such discovery is conducted. Accordingly, this Court finds that Plaintiff's Motion for Abeyance must be denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the temporary restraining order issued by the State Court on December 18, 2009 is no longer in effect.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Hold the Clovis Municipal School District's Motion to Dissolve Temporary Restraining Order in Abeyance Pending Discovery **[Doc. No. 7]** is **DENIED.**

DATED this 2nd day of February, 2010.

_____
**MARTHA VÁZQUEZ**
**Chief United States District Judge**