UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JERRY D. ISLER,

        Plaintiff,

vs.                                                  Civ. No. 10-00009 MV/WPL

THE NEW MEXICO ACTIVITIES ASSOCIATION,
and THE CLOVIS MUNICIPAL SCHOOL DISTRICT,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion to Intervene **[Doc. No. 15]** brought by Patrick and Becky Turnbow, on behalf of their 17-year old son, Logan Turnbow, and by Landyn Snipes. Logan and Landyn are seniors at Clovis High School and members of the Clovis High School basketball team. In their motion, the parties seeking intervention argue that if Defendants are successful in their attempts to terminate or suspend Plaintiff Jerry Isler from coaching the Clovis High School boy's basketball team, it will have a devastating and detrimental impact on Logan Turnbow and Landyn Snipes and that intervention is therefore justified pursuant to Federal Rule of Civil Procedure 24(a)(2).

Federal Rule of Civil Procedure 24(a)(2) provides that "On a timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." As there appears to be no dispute regarding the timeliness of the motion to intervene, this Court addresses only (1) whether the basketball players have an

interest relating to the property or transaction that may, as a practical matter, be impaired or impeded by the disposition of the litigation, and (2) whether the existing parties will adequately represent their interest.

With regard to the question of whether the basketball players have a sufficient interest that may be impaired by disposition of the litigation, the Tenth Circuit recently explained:

> We "follow[ ] a somewhat liberal line in allowing intervention." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir.2001) (internal quotation marks omitted). In our recent en banc decision in *San Juan County v. United States*, we held that "[t]he central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention." 503 F.3d 1163, 1193 (10th Cir.2007). "In short, Rule 24(a)(2), though speaking of intervention 'of right,' is not a mechanical rule. It requires courts to exercise judgment based on the specific circumstances of the case." *Id.* at 1199. "To satisfy [the impairment] element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Utah Ass'n of Counties*, 255 F.3d at 1253 (internal quotation marks omitted). "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *San Juan County*, 503 F.3d at 1195 (internal quotation marks omitted).

*WildEarth Guardians v. U.S. Forest Serv.,* 573 F.3d 992, 995 (10th Cir. 2009).

In this case, the basketball players will be able to play for the remainder of the season. The question is only whether Coach Isler or another individual will serve as their coach. While we have no doubt that the basketball players seeking to intervene have high regard for Coach Isler and feel that their chances of success on the basketball court will be harmed if he is not allowed to coach, the basketball players have no right to a particular coach and cite no authority allowing intervention in an analogous circumstance. However, we need not decide whether the movant's have set forth a sufficient interest because even assuming that they have, this Court finds that the basketball players' interests are adequately represented by Plaintiff. In this case,

Plaintiff has sought a preliminary injunction that would allow him to continue coaching the Clovis High School boy's basketball team.  In support of the preliminary injunction, Plaintiff has argued that the public interest is served by allowing him to continue coaching as his suspension will have a "substantial detrimental impact" on Logan Turnbow, Landyn Snipes, and the basketball team as a whole.  Logan Turnbow has already testified on Plaintiff's behalf and this Court will not preclude Plaintiff from offering other testimony from team members as he deems appropriate at the February 16, 2010 hearing on Plaintiff's motion for a preliminary injunction.  Accordingly, as the basketball players' interests are adequately represented, this Court finds that the motion to intervene should be denied.

**IT IS THEREFORE ORDERED** that the Motion to Intervene **[Doc. No. 15]** is **DENIED**.  Nothing herein, however, shall preclude Plaintiff from offering testimony from Landyn Snipes or additional testimony from Logan Turnbow in support of his motion for a preliminary injunction.

DATED this 2nd day of February, 2010.

_____
**MARTHA VAZQUEZ**
**Chief United States District Judge**