UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JERRY D. ISLER,

    Plaintiff,

vs.  Civ. No. 10-00009 MV/WPL

THE NEW MEXICO ACTIVITIES ASSOCIATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend Complaint, filed March 23, 2010 **[Doc. No. 50]**.  By his motion, Plaintiff seeks leave to file a Second Amended Complaint for Violation of Civil Rights.  Plaintiff's proposed Second Amended Complaint includes minor revisions to the complaint to account for the fact that the Board of Education of the Clovis Municipal Schools and Superintendent Rhonda Seidenwurm are no longer parties, a few new factual allegations, and new counts for damages, defamation, and tortious interference with contract **[Doc. No. 50 at Ex. 1]**.  While Defendant the New Mexico Activities Association ("the NMAA") filed a Response in Opposition to Plaintiff's Motion to Amend Complaint **[Doc. No. 51]**, the response does not discuss any of the new counts or allegations, but rather argues that the NMAA has a pending motion to dismiss Plaintiff's freedom of association claim.  The NMAA argues that Plaintiff's freedom of association claim has been a moving target and requests that this Court deny leave to amend and consider the pending motion to dismiss or that the Court clarify the nature of Plaintiff's freedom of association claim.

The Federal Rules of Civil Procedure provide that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As the NMAA has not presented any argument directed towards the new counts Plaintiff seeks to add, this Court will grant Plaintiff leave to amend. *See, e.g., Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir.1993) ("Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc.")

As to Plaintiff's freedom of association claim, it is well-established that United States Supreme Court "decisions have referred to constitutionally protected 'freedom of association' in two distinct senses." *Roberts v. United States Jaycees*, 468 U.S. 609, 617 (1984). As the Supreme Court has explained:

> In one line of decisions, the Court has concluded that choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme. In this respect, freedom of association receives protection as a fundamental element of personal liberty. In another set of decisions, the Court has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment– speech, assembly, petition for the redress of grievances, and the exercise of religion. The Constitution guarantees freedom of association of this kind as an indispensable means of preserving other individual liberties.

*Id.* at 617-18.

In Plaintiff's response to Defendant's pending motion to dismiss, Plaintiff concedes that this case does not implicate the right to associate for the purpose of engaging in those activities protected by the First Amendment. Instead, Plaintiff states that his "freedom of association claim has its origin in individual liberty protected by the Due Process Clause of the Fourteenth Amendment" **[Doc. No. 45]**. As Plaintiff's proposed Second Amended Complaint does not

2

substantively revise Plaintiff's freedom of association claim, these concessions would appear sufficient to clarify any remaining ambiguity regarding Plaintiff's freedom of association claim and this Court will hold Plaintiff to these concessions.

Finally, as Defendant's pending motion to dismiss is directed at the First Amended Petition for Declaratory and Injunctive Relief, this Court will deny the motion without prejudice. *See Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990) (recognizing that a "pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified" (internal quotations omitted)). The NMAA may, if appropriate, file a renewed motion to dismiss Plaintiff's freedom of association claim directed at Plaintiff's Second Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint **[Doc. No. 50]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant NMAA's Motion to Dismiss Plaintiff's First Amendment Claims **[Doc. No. 41]** is **DENIED without prejudice.**

DATED this 4th day of June, 2010.

_____
**MARTHA VAZQUEZ**
**Chief United States District Judge**