# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JERRY D. ISLER,

       Plaintiff,

v.                                                   CV 10-00009 MV/WPL

THE NEW MEXICO ACTIVITIES ASSOCIATION,

       Defendant.

## ORDER GRANTING MOTION TO COMPEL

Defendant New Mexico Activities Association ("NMAA") has filed a Motion to compel resumption of the deposition of Plaintiff Jerry Isler ("Isler") and has requested that Isler pay costs and fees related to the resumption.  (Doc. 130.)  Isler filed a response in opposition to the Motion to Compel (Doc. 132) and NMAA replied to the response ( Doc. 133).  I will grant the Motion to Compel and award attorney's fees and costs to NMAA.

Pursuant to an order by Judge Vazquez allowing Isler to file a Third Amended Complaint, I ruled that NMAA may depose Isler for an additional two hours regarding his recently acquired employment at McMurry University and the new claims contained in the Third Amended Complaint.  (Doc. 125.)  The parties conducted a telephonic deposition of Isler on July 5, 2011, which ended prematurely after Plaintiff's counsel, Warren F. Frost, repeatedly instructed Isler not to answer the questions of NMAA's counsel, Elizabeth German.  Frost argued that the questions had been previously asked and answered or that the questions could have been asked earlier in the discovery process.  (Doc.130 Ex. 1 at 29, 38-40, 45, 47, 53, 58-60; Doc. 132 at 2-3.) Twice, Frost alluded to the purpose of the deposition claiming that the questioing exceeded its scope because the

question had been asked and answered.  (Doc. 130 Ex. 1 at 40:23-41:1, 47:4-9.)  Additionally, during both the deposition and in Memorandum in Opposition to the Motion to Compel, Frost claimed that the questioning constituted harassment.  (Doc. 132 at 2; Doc. 132 Ex. 1 at 40:18.)  Frost never moved for a protective order nor to limit the scope of the deposition due to this alleged harassment.

During a deposition, a party may object to questions on the record in a concise, non-argumentative fashion, but the deponent must still proceed in answering the question.  FED. R. CIV. P. 30(c)(2).  There are only three narrow situations in which a deponent need not answer a question: 1) when the information is privileged; 2) when the court has ordered a limitation; or 3) to present a motion to terminate or limit the deposition due to bad faith or harassment.  *See id.; Resolution Trust Corp. v. Dabney et al*, 73 F.3d 262, 266 (10th Cir. 1995).  To assert that a matter is privileged, the objecting party bears the burden of showing that each specific question called for privileged material.  *Resolution Trust*, 73 F.3d at 266.  With respect to limitations, the Court has the power to exclude from discovery material which is "unreasonably cumulative or duplicative." FED. R. CIV. P. 26(b)(2)(C)(i).  In instances of harassment, the counselor's only avenue is to move to terminate the deposition and apply for a protective order under Rule 30(d); he may not only instruct a client to remain silent.  *See* FED. R. CIV. P. 30(d)(3)*; Redwood v. Dobson*, 476 F.3d  462, 467-68 (7th Cir. 2007)*.*  Objections on the grounds that the question has been asked and answered does not fall within the Rule 30(c) exceptions. *See Athridge v. Aetna Cas. & Sur. Co.,* 184 F.R.D.  200, 208 (D.D.C. 1998).

In the present case, none of the three justifications for instructing a deponent to remain silent apply.  First, Frost at no point asserted that any of the questions involved privileged material.  Second, I have not issued an order to limit repetitive questioning. In authorizing the deposition, I

2

determined that NMAA could depose Isler regarding his new position at McMurry University and the new claims contained in the Third Amended Complaint, but I did not place any limitations on the deposition regarding material previously discovered.  (Doc. 125.)  Frost claimed twice that German's questioning violated the scope of the deposition "pursuant to the judge's order" because it was repetitive.  (Doc. 130 Ex. 1 at 40:23-41:1, 47:4-9.)  However, even if I accept the premise that the matters were discussed in the prior deposition, this does not mean that they were not substantively relevant to Isler's new claims or new job.  Since the Brief in Opposition (Doc. 132) does not explain how the scope of the deposition bars these questions, this cannot be grounds for Frost's instructions to his client.  Third, Frost's claim that the NMAA was harassing his client during the deposition was never supported by the procedures outlined in Rule 30(d) to restrict or limit the scope of the deposition, so the final exception does not apply.[1]

Ultimately, Frost's objections are just that, objections.  Pursuant a plain reading of Rule 30(c)(2), objections belong in the record along with the deponent's answers.  Thus, I order that the parties resume the deposition of Isler for one and a half hours so that Isler has an opportunity to answer the questions. The parties should meet and confer and set a new date within seven days of this Order.  Both Frost and Isler are warned that failure to comply with this Order could result in the imposition of sanctions under Rule 37(b).

Where a motion to compel is granted, the court generally must order the payment of "the movant's reasonable expenses incurred in making the motion, including attorney's fees."  FED. R. CIV. P.  37(a)(5).  An order of payment is not required where the motion was filed prior to a good

---

[1]Whether the question did or did not constitute harassment has not been fully briefed by the parties and is not properly before this Court.  Thus, I will not address whether such a limitation on discovery is warranted.

3

faith attempt to obtain discovery without court action, the nondisclosure was substantially justified, or "other circumstances make an award of expenses unjust." *Id.*   None of these exceptions apply in the matter at hand.  Thus, I will award the NMAA its reasonable costs and attorney's fees incurred in preparing this Motion to Compel.  NMAA's counsel is directed to submit an affidavit of its costs and fees within seven days of the filing of this Order.

The payment of these expenses can be required from either the party or the attorney.  *Id. See also M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 874 (10th Cir. 1987) (holding that a court must consider whether the fault lies with the parties or the attorney in imposing sanctions); *In re Sanction of Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984).  Here, Frost directed his client to remain silent, thus thwarting the deposition process.  Since Isler could not be expected to know that this behavior was inappropriate, I find that the fault for disrupting the deposition lies with Frost.  Therefore, I order that the expenses are the sole responsibility of Frost and that the fees must be paid within one month of the filing of this Order.

Lastly, I must address the methods by which both parties chose to brief this matter and submit it to the Court.  Personal attacks on the other party's behavior or legal skills are unnecessary and unprofessional.  Zealous advocacy is not rude advocacy.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

4