IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JERRY D. ISLER,

        Plaintiff,

vs.

                                                  No. 10-CV-009 MV/WPL

THE NEW MEXICO ACTIVITIES ASSOCIATION,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** comes before the Court on Defendant's Motion to Reconsider Ruling on Count I of Plaintiff's Third Amended Complaint and Memorandum in Support Thereof [Doc. 174]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be granted.

**BACKGROUND**

        Plaintiff was the Head Coach of the Boys' Basketball Program and a science teacher at Clovis High School ("CHS"). In connection with the transfer of a student and basketball player, Lathan Lieb, to CHS, the New Mexico Activities Association ("NMAA") received a complaint and commenced an investigation of the CHS basketball program. Based on the investigation, the NMAA determined that Plaintiff had violated NMAA Bylaw 6.1.3(K) (Undue Influence), which prohibits "communication with student/parents by school personnel that might be construed as inducement for them to attend a particular school." As a result of this determination, on December 16, 2009, the NMAA suspended Plaintiff from all coaching duties at CHS for the

remainder of the 2009-2010 school year. That same day, the Superintendent of the Clovis Municipal Schools, Dr. Rhonda Seidenwurm, advised Plaintiff by letter that the Clovis School District was terminating his coaching duties as of January 13, 2010, and that, in the interim, he was suspended from all coaching duties.

On December 18, 2009, Plaintiff filed the instant lawsuit in the Ninth Judicial District Court of the State of New Mexico against the NMAA, the Board of Education of the Clovis Municipal Schools (the "Board of Education"), and Dr. Seidenwurm. On January 5, 2010, the NMAA removed the case to federal court. *See* Doc. 1. On January 26, 2010, Plaintiff filed a Motion for a Preliminary Injunction. *See* Doc. 17. Following two evidentiary hearings, on February 9, 2010, the Court granted Plaintiff's motion, ordering the NMAA to allow Plaintiff to coach for the remainder of the 2009-2010 season, including any post-season tournament games, and ordering the Board of Education and Dr. Seidenwurm to reinstate Plaintiff as Head Coach of the CHS Boys' Basketball Program for the remainder of the 2009-2010 basketball season, including any post-season tournament games. *See* Doc. 44.

Thereafter, Plaintiff reached a settlement with the Board of Education and Dr. Seidenwurm, and the Court dismissed those Defendants from the case on March 17, 2010. Doc. 49. On April 13, 2011, Plaintiff filed a Third Amended Complaint against the NMAA for Violation of Civil Rights, seeking: a declaratory judgment and damages, including punitive damages, based on his allegations that NMAA Bylaw 6.1.3(K) is unconstitutionally vague and his allegations that the NMAA's conduct in suspending him violates his right to freedom of association (Count I); an injunction enjoining the NMAA from suspending him as the CHS basketball coach (Count II); damages for the state law torts of defamation and tortious interference with contract (Counts III and IV); and damages for depriving him of his liberty interest in his good

2

name and reputation without due process of law (Count V).  *See* Doc. 115.

Plaintiff's teaching and coaching contracts with CHS were renewed for the 2010-2011 school year.  At the end of the 2010-2011 school year, Plaintiff signed a Letter of Intent to continue teaching and coaching for the 2011-2012 school year.  In June of 2011, however, Plaintiff applied for and was offered a job as Head Men's Basketball Coach at McMurry University, where his son is a member of the team.  He accepted the job, and indicated that he did so because it was the job he preferred.  Plaintiff's salary and benefits at McMurry University are more lucrative than what he was receiving at CHS.  The job at McMurry University was the only job for which Plaintiff applied after his suspension by the NMAA.  Effective July 1, 2011, NMAA Bylaw 6.1.3(K) was revised, and Plaintiff agrees that the revised provision is not unconstitutionally vague.

On October 17, 2011, each party filed a motion for summary judgment in its favor. Defendant's motion sought dismissal of all five counts in the Third Amended Complaint.  In response to Defendant's motion, Plaintiff conceded that, because he was no longer employed by CHS and because the NMAA rule at issue had been revised, his claims for declaratory and injunctive relief were moot.  Further, Plaintiff conceded that his freedom of association claim was unsupported.  Accordingly, Plaintiff agreed to dismissal of Count II (request for injunctive relief), that portion of Count I that requested a declaratory judgment, and that portion of Count I that sought damages as a result of the NMAA's alleged violation of his right to freedom of association. In his own motion, Plaintiff sought judgment in his favor on the remaining portion of Count I (seeking damages based on the unconstitutional vagueness of NMAA Bylaw 6.1.3(K)), Count III (seeking damages based on defamation), and Count V (seeking damages for the violation of his due process rights).

In a Memorandum Opinion and Order entered September 29, 2012 ("September 29, 2012 Opinion"), the Court granted summary judgment in Defendant's favor as to Plaintiff's due process claim (Count V) and Plaintiff's claims for defamation and interference with contract (Counts III and IV), but granted summary judgment in Plaintiff's favor on Plaintiff's on Count I, to the extent that Count sought a finding of liability on the part of the NMAA based on the unconstitutional vagueness of NMAA Bylaw 6.1.3(K).  Doc. 166.  On the instant motion, Defendant asks the Court to reconsider its determination as to Count I of the Third Amended Complaint; namely, Defendant asks the Court to vacate the order granting summary judgment in favor of Plaintiff, and instead grant summary judgment in favor of Defendant on Count I.  Plaintiff opposes this request.

## **LEGAL STANDARD**

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'"  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  The district court has discretion to revise interlocutory orders before the entry of a final judgment.  *Trujillo v. Board of Educ. of the Albuquerque Pub. Schs.*, 212 F. App'x 760, 765 (10th Cir. 2007).  When a party seeks to obtain reconsideration of a non-final order, the motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."  *Wagoner v. Wagoner*, 983 F.2d 1120, 1122 n.1 (10th Cir. 1991).  A motion to reconsider is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Accordingly, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.*  Rather, "a motion for

reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*

## DISCUSSION

Defendant argues that the Court misapprehended the law controlling Plaintiff's claim, encompassed in Count I, that NMAA Bylaw 6.1.3(K) was unconstitutionally vague.  Specifically, Defendant states that the Court incorrectly held that Plaintiff could succeed on his vagueness claim regardless of whether the Bylaw infringed on a constitutionally protected property or liberty interest.  According to Defendant, a regulation cannot be held void for vagueness under the due process clause unless there is a specific, underlying constitutional violation.

The Court disagrees that the merits of Plaintiff's vagueness claim rely on the demonstration of an underlying constitutional violation.  Accordingly, the Court maintains that its analysis of the merits of Plaintiff's vagueness claim, as set forth in its September 20, 2012 Opinion, properly applied the void for vagueness doctrine.  *See* Doc. 166 at 6-10.

Nonetheless, in order to reach the merits of Plaintiff's claim, the Court first must make a threshold determination that Plaintiff has standing to bring his vagueness claim.  "Standing is, of course a threshold issue in every case before a federal court:  If a plaintiff lacks standing, he or she cannot invoke its jurisdiction."  *Arkansas Right to Life State Political Action Comm. v. Butler*, 146 F.3d 558, 559 (8th Cir. 1998).  The Court finds that it erred in ever reaching the merits of Plaintiff's vagueness claim, as Plaintiff lacks standing to bring such a claim, in the first instance.

Because standing "raises jurisdictional questions," the Court is "required to consider the issue *sua sponte* to ensure that there is an Article III case or controversy before [it]."  *Doctor John's, Inc. v. City of Roy*, 465 F.3d 1150, 1155 (10th Cir. 2006).  "The 'irreducible constitutional minimum of standing' requires plaintiffs to show (1) that they have suffered an 'injury in fact,' (2)

that the injury is 'fairly traceable to the challenged action of the defendant,' and (3) that the injury is likely to be redressed by a favorable decision.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The first element, an "injury in fact," is defined as "an invasion of a legally protected interest" which is "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560.

The elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Id*. at 561. Accordingly, at the summary judgment stage, "the plaintiff bears the burden of setting forth (by affidavit or other evidence) specific facts that, if proved, would establish these elements." *Doctor John's*, 465 F.3d at 1155. Notably, the void for vagueness doctrine does not "relieve[] a part of the need to demonstrate constitutional standing, including an injury-in-fact." *Minor I Doe v. Sch. Board for Santa Rosa County, Fl.*, 264 F.R.D. 670, 687 (N.D. Fla. 2010).

Here, Plaintiff's ability to raise his vagueness claim, in the first instance, is compromised by his inability to establish the first element of standing, namely, an "injury in fact." Specifically, Plaintiff has not set forth specific facts that, if proved, would establish that he suffered an invasion of a legally protected interest as a result of the vagueness of the Bylaw. To the contrary, Plaintiff has admitted that he had no property interest in his coaching position, and has entirely withdrawn his claim that his right to freedom of association was violated. *See* Doc. 166 at 15-17; Doc. 44 at 8. Further, this Court has found that Plaintiff failed as a matter of law to establish a deprivation of his liberty interest in his good name and reputation. Doc. 148 at 6. Accordingly, there is simply no evidence in the record that Plaintiff suffered an invasion of a legally protected interest as a result of the vagueness of the Bylaw. It follows that Plaintiff did not suffer an "injury in fact" when his coaching position was terminated pursuant to the Bylaw. For this reason, Plaintiff lacks

standing to challenge the constitutionality of the Bylaw, and this Court lacks jurisdiction to consider the merits of Plaintiff's claim. *See Application/Action of 89 JPS, LLC. v. Joint Village of Lake Placid and Town of North Elba, Review Board*, No. 11-CV-181, 2011 WL 4344020, *16 (N.D.N.Y. Sept. 14, 2011).

## CONCLUSION

Because Plaintiff lacked standing to bring his vagueness claim in the first instance, this Court had no jurisdiction to consider the merits of that claim. The Court thus erred in granting summary judgment in favor of Plaintiff on Count I based on its consideration of the merits of Plaintiff's vagueness claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider Ruling on Count I of Plaintiff's Third Amended Complaint and Memorandum in Support Thereof [Doc. 174] is granted, as follows: the Court's order, as set forth in the September 20, 2012 Opinion, Doc. 166, granting judgment in favor of Plaintiff on Count I of the Third Amended Complaint, to the extent that Count sought a finding of liability on the part of the NMSAA for compensatory damages, if any, arising from the NMAA's suspension of Plaintiff pursuant to NMAA Bylaw 6.1.3, is **vacated**; and Count I of the Third Amended Complaint is **dismissed for lack of jurisdiction**.

DATED this 25th day of September, 2013.

_____
MARTHA VÁZQUEZ
United States District Judge